UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2026

UNITED STATES OF AMERICA,

-against-

DAVID ELIGOOLA,

Defendant.

24-cr-383 (MKV)

**ORDER DENYING REQUESTS TO TERMINATE OR MODIFY CONDITIONS OF SUPERVISED RELEASE**

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of Defendant's requests for an early termination of his term of supervised release, [ECF No. 38], and, in the interim or alternative, a temporary modification of the conditions of supervision, [ECF No. 42]. The Government takes no position as to either request.

The Court "may" after "the expiration of one year of supervised release," upon consideration of appropriate factors, "terminate a term of supervised release . . . , pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (citing §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). Likewise, "at any time prior to the expiration or termination of the term of supervised release," and upon consideration of those same factors, the Court may modify the conditions of supervision "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). "[A] change in [Defendant's] circumstances is not a prerequisite to modification . . . ." *United States v. Parisi*, 821 F.3d 343, 348 (2d Cir. 2016).

1

The relief sought here is far from automatic. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."). Accordingly, "[e]arly termination is not warranted as a matter of course, and decisions regarding termination of supervised release are within the discretion of the district court." *United States v. Fernandez*, No. 10-CR-905-LTS-2, 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025) (quotation omitted).

Here, Defendant's requests principally focus on his "full compliance with his supervised release conditions." [ECF No. 38]. But "[e]arly termination is not warranted where a defendant did nothing more than that which he was required to do by law." *United States v. Rusin*, 105 F. Supp. 3d 291, 292–93 (S.D.N.Y. 2015) (collecting cases, and noting that the same standard applies with respect to modification).

Nor are general contentions that the conditions of supervision "are impinging on [Defendant's] business opportunities," [ECF No. 38] at 2, sufficient. *See United States v. Harris*, 689 F. Supp. 2d 692, 694–95 (S.D.N.Y. 2010) (terminating supervised release, and distinguishing *United States v. Rasco*, No. 88 CR 817 CSH, 2000 WL 45438 (S.D.N.Y. Jan. 19, 2000), on the basis that merely "contend[ing] that . . . supervised release . . . disadvantage[s a defendant] in employment" in some forward-looking way, as opposed to "demonstrat[ing] convincingly" something more specific and less speculative, does not justify termination). While the Court has considered ███████████████████████████████████████████ ████████████████████████████████ [ECF No. 38] at 2, the Court is not persuaded that this

concern should alter the Court's judgment that a sentence of a three-year term of supervised release is appropriate in this case.

Finally, in his request for modification of the conditions of supervision, Defendant seeks permission to travel to Israel for nearly thirty days. [ECF No. 42]. This is not an insignificant amount of time. Again, it was the Court's judgment at sentencing that a three-year term of supervised release was appropriate in that case. While the Court need not find a "change in [the Defendant's] circumstances" in order to modify the terms of his release, *Parisi*, 821 F.3d at 348, the Court does not find that such a modification is warranted under the relevant factors.

Accordingly, Defendant's requests for an early termination of his term of supervised release, [ECF No. 38], and, in the interim or alternative, a temporary modification of the conditions of supervision, [ECF No. 42], are DENIED without prejudice to renewal.

**SO ORDERED.**

Dated:    March 24, 2026
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

3